**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| QUENTIN R. STEPP, individually and as representative of all Iowa residents as a class who bought vehicles whose title should have been branded by State Farm, but were not,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendants. | No. 06-CV-2027-LRR<br><br><br><br>**ORDER** |

_____

### TABLE OF CONTENTS

*I.*     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*    *PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*   *JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

      *A.*     *28 U.S.C. § 1332(a)(1)* . . . . . . . . . . . . . . . . . . . . . . *2*

      *B.*     *CAFA (28 U.S.C. § 1332(d))* . . . . . . . . . . . . . . . . . . *3*

*IV.*   *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*V.*     *FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT* . . . . . . . . . . *4*

*VI.*   *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

      *A.*     *The Complaint: Iowa Consumer Fraud Act Claim* . . . . . . . . . . . . . *5*

      *B.*     *Independent Iowa Code § 321.69 Claim* . . . . . . . . . . . . . . . . . *7*

*VII.* *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

## I. INTRODUCTION

Before the court is the Motion to Dismiss or, in the alternative, a Motion for a More Definite Statement ("Motion") (docket no. 5), filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm").

## II. RELEVANT PRIOR PROCEEDINGS

On March 20, 2006, Plaintiff Quentin R. Stepp ("Stepp") filed a Petition at Law ("Complaint") against State Farm in the Iowa District Court in and for Fayette County. On April 4, 2006, Stepp served the Complaint upon State Farm through the Iowa Commissioner of Insurance. On April 24, 2006, State Farm timely removed the action to this court. 28 U.S.C. § 1441. State Farm invoked this court's diversity subject matter jurisdiction, 28 U.S.C. § 1332(a)(1), as well as the jurisdictional provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

On May 1, 2006, State Farm filed the instant Motion. On May 12, 2006, Stepp filed a Resistance. On May 19, 2006, State Farm filed a Reply.

Neither party has requested oral argument on the Motion. The court concludes oral argument is not necessary and thus turns to consider it.

## III. JURISDICTION

### A. 28 U.S.C. § 1332(a)(1)

The court has diversity subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because the parties are diverse and the amount in controversy exceeds the statutory requirement of $75,000.

The parties are diverse because Stepp is a citizen of Iowa and State Farm is a citizen of Illinois. Stepp is a citizen of Iowa because he is a resident of Oelwein, Iowa. State Farm is a citizen of Illinois because it is an Illinois corporation with its principal place of business in Bloomington, Illinois. *See* 28 U.S.C. § 1332(c)(1).

The amount in controversy exceeds $75,000. In addition to actual damages for his motorcycle, Stepp seeks an award of $100,000 in punitive damages. Though "good faith allegations" of damages should be "taken as true . . . the district court should dismiss for lack of jurisdiction when it appears to a legal certainty that the plaintiff cannot satisfy the jurisdictional amount." *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (quotations and citations omitted). Under Iowa Code § 668A.1, Stepp can recover punitive damages by establishing that State Farm acted "with a willful and wanton disregard for the rights . . . of another." Stepp alleges that State Farm had a "policy of . . . not branding titles" and acted with a "willful and wanton disregard for [Plaintiff's] rights." It is not a legal certainty that Stepp cannot satisfy the jurisdictional amount. *Id.*

## B. CAFA (28 U.S.C. § 1332(d))

In the alternative, Stepp claims the court has subject matter jurisdiction over this case pursuant to CAFA, 28 U.S.C. § 1332(d). Because the court has already ruled that it has diversity jurisdiction over this matter, it need not analyze whether the requirements of CAFA are also met.

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the district court to dismiss the claim if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing State Farm's Motion, the court is required to view the allegations in Stepp's Complaint in the light most favorable to Stepp, because Stepp is the nonmoving party. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). The court must accept all the factual allegations in Stepp's Complaint as true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002); *Mo. River Sys. Litig.*, 418 F.3d at 917. The court may "dismiss the case only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mo. River*

3

*Sys. Litig.*, 418 F.3d at 917 (internal quotations omitted). "The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claim." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The Federal Rules of Civil Procedure contemplate a liberal notice pleading standard. *Leatherman v. Tarrant County Narcs. & Intel. Unit*, 507 U.S. 163, 168 (1993). The Rules do not require a party to set out in detail all the facts upon which it bases its claims. *Id.* Instead, the Rules only require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a short and plain statement must provide fair notice of the claim and the grounds upon which the claim rests. *Leatherman*, 507 U.S. at 168 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Wishnatsky v. Rovner*, 433 F.3d 608, 611 (8th Cir. 2006) (holding that plaintiff's complaint met the requirements of Rule 8(a) because it gave the defendants "fair notice of the nature and basis of [the plaintiff's] claim"). The Rules are designed "to give notice to the other party and not to formulate issues or fully summarize the facts involved." *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 390 (8th Cir. 1968) (citing *Conley*, 355 U.S. at 45-48).

## V.  *FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT*

Accepting the allegations in Plaintiff's Complaint as true and affording him all reasonable inferences, for purposes of the instant Motion the facts are these:

On August 9, 2002, Stepp purchased a 2001 Suzuki motorcycle ("Motorcycle") from Chad Elroy Kaehler. The Motorcycle had a clear title. On some unknown later date, however, Stepp received notice from the Iowa Attorney General that the motorcycle's title will be "branded," greatly decreasing the resale value of the motorcycle.

State Farm owned the Motorcycle at some unknown time before Kaehler owned it. State Farm sold the Motorcycle with a clear title even though a "branded" title was

warranted. State Farm acted with either an intentional or a willful and wanton disregard for Stepp's property rights. Furthermore, State Farm's policy not to brand titles affected a significant number of other people who also suffered damages as a consequence.

## VI. LEGAL ANALYSIS

### A. The Complaint: Iowa Consumer Fraud Act Claim

The Complaint alleges that State Farm's failure to brand the Motorcycle's title violates Iowa Code § 714.16(2)(a)[1] and Iowa Code § 321.69(11).

Section 714.16(2)(a) is the Iowa Consumer Fraud Act ("Act"). *State ex rel. Miller v. Cutty's Des Moines Camping Club*, 694 N.W.2d 518, 523-24 (Iowa 2005). "[The Act] deems a variety of bad business practices unlawful." *Id*. at 524. In pertinent part, Section 714.16(2)(a) states:

> The act, use or employment by a person of an unfair practice, deception, fraud, false pretense, false promise, or misrepresentation, or the concealment, suppression, or omission of a material fact with intent that others rely upon the concealment, suppression, or omission, in connection with the lease, sale, or advertisement of any merchandise or the solicitation of contributions for charitable purposes, whether or not a person has in fact been misled, deceived, or damaged, is an unlawful practice.

Iowa Code § 714.16(2)(a). The Act is "designed to infuse flexible equitable principles into consumer protection law so that it may respond to the myriad of unscrupulous business practices modern consumers face." *Cutty's*, 694 N.W.2d at 525 (citing *Barquis v. Merchs. Collection Ass'n*, 496 P.2d 817, 829-30 (Cal. 1972)).

Section 321.69(11) provides:

---

[1] The Complaint alleges a violation of Iowa Code 714.6(2)(a), but the parties agree this is a typographical error.

5

> A person who knowingly makes a false damage disclosure statement or fails to make a damage disclosure statement required by this section commits a fraudulent practice. Failure of a person . . . to comply with any duty imposed by this section constitutes a violation of [Iowa Code § 714.16(2)(a)].

Iowa Code § 321.69(11). By its terms, then, Iowa Code § 321.69(11) deems all violations of Iowa Code § 321.69 as unlawful practices under the Act. *Id.*

Stepp's Complaint does not specifically state which subsection of Iowa Code § 321.69 State Farm allegedly violated when it failed to brand the Motorcycle's title. Reading Stepp's pleadings liberally, it appears that Stepp's unlawful practices claim under Iowa Code § 714.16(2)(a) and Iowa Code § 321.69(11) is based upon Iowa Code § 321.69(1) and (2). Those subsections provide:

> 1. . . . . A damage disclosure statement shall be provided by the transferor to the transferee in a transfer of ownership of a motor vehicle . . . .
>
> 2. The damage disclosure statement . . . . shall, at a minimum, state whether the transferor knows if the vehicle was titled as a salvage, rebuilt, or flood vehicle in this or any other state prior to the transferor's ownership of the vehicle and, if not, whether the transferor knows if the vehicle was damaged to the extent that it was a wrecked or salvage vehicle . . . . , during or prior to the transferor's ownership of the vehicle.

Iowa Code § 321.69(1) and (2).

State Farm claims Stepp's Complaint fails to state a claim upon which relief can be granted, and, therefore, the court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). State Farm claims the Act does not provide a private right of action.

It is settled that the Act does not provide prospective plaintiffs a private right of

action. *See Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 227-28 (Iowa 1998) ("It is clear that, when state legislatures want consumers to enforce their consumer fraud acts, they expressly provide for that remedy in the statute. Iowa has not done that."); *see also Chrysler Fin. Co. v. Bergstrom*, 703 N.W.2d 415, 425 (Iowa 2005) (Streit, J., dissenting) ("Iowa remains the only state that denies consumers a private right of action under its consumer fraud act."). As interpreted by the Iowa Supreme Court, the Act only permits the Iowa Attorney General to bring actions on behalf of the state. *See Molo*, 578 N.W.2d at 227-28. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### *B. Independent Iowa Code § 321.69 Claim*

In his Resistance, Plaintiff appears to claim that his damage disclosure claim can stand independently of the Act. Plaintiff claims Iowa Code § 321.69 and Iowa Code § 611.21 combine to provide a private right of action. Plaintiff has not, however, moved the court to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a).

Iowa Code § 611.21 provides, in full, that "[t]he right of civil remedy is not merged in a public offense and is not restricted for other violation of law, but may in all cases be enforced independently of and in addition to the punishment of the former." Iowa Code § 611.21. The Iowa Supreme Court has interpreted Iowa Code § 611.21 to "allow[] a cause of action for violation of a criminal statute." *Heick v. Brown*, 561 N.W.2d 45, 54 (Iowa 1997) (citing *Hall v. Montgomery Ward & Co.*, 252 N.W.2d 421, 423-24 (Iowa 1977)). Although Iowa Code § 321.69 is not a criminal statute, Iowa Code § 321.104 criminalizes all violations of Iowa Code § 321.69. *See* Iowa Code § 321.104(5) ("It is a simple misdemeanor punishable as a scheduled violation under [Iowa Code § 805.8A(2)] . . . [t]o violate any of the other provisions of this chapter or any lawful rules adopted pursuant to this chapter.")

Even if the court were to ignore the fact that Stepp has not plead Iowa Code § 321.69, Iowa Code § 611.21 or Iowa Code § 321.104(5) in his Complaint, he has nonetheless failed to state a claim upon which relief can be granted. Stepp claims State Farm failed to properly brand a motorcycle title. With some minor exceptions not relevant here, the requirements of Iowa Code § 321.69 do not apply to motorcycles. *See* Iowa Code § 321.69(9) ("Except for subsections 10 and 11, this section does not apply to . . . motorcycles . . . .").[2] Accordingly, the court shall dismiss Stepp's Complaint. Fed. R. Civ. P. 12(b)(6).

## *VII. CONCLUSION*

State Farm's Motion (docket no. 5) is **GRANTED**. The Complaint (docket no. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED** this 19th day of July, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] Generally, the term "motor vehicle" in Chapter 321 includes motorcycles. *See* Iowa Code 321.1(42)(a) (defining "motor vehicle" as "a vehicle which is self-propelled, but not including vehicles known as trackless trolleys which are propelled by electric power from overhead trolley wires and are not operated upon rails").